UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
-----------------------------------------------------------X
SHIMSHON WEXLER

          Plaintiff,

   v.

DFS SERVICES, LLC;
DISCOVER FINANCIAL SERVICES, Inc. and
EXPERIAN INFORMATION SOUTIONS, Inc.

          Defendant.
-----------------------------------------------------------X

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 30 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**COMPLAINT FOR
VIOLATIONS OF THE
FAIR CREDIT
REPORTING ACT**

**JURY TRIAL DEMANDED**

1 14-CV-2450

Plaintiff, *Pro Se*, alleges upon information and belief as follows:

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Shimshon Wexler ("Wexler" or "Plaintiff"), brings this lawsuit against Experian Information Solutions, Inc. (Experian"), DFS Services, LLC ("DFS") and Discover Financial Services, Inc. ("Discover") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Accurate credit reports for consumers are vital for our society.

3. On or about March 25th, 2014, Discover sent a communication to Shimshon Wexler offering to settle his account in full for $1,100.00 (eleven hundred).

4. On March 26th, 2014, Wexler wrote check number 1484 from his Wells Fargo Bank account for the $1,100 to Discover to settle the account.

5. On March 28th, 2014, the check posted to Wexler, account.

6. Despite the agreement to settle the account for $1,100, Discover continued to report the account as having a balance of more than $15,000.

7. Upon information and belief, Shimshon Wexler disputed the Discover tradeline with Experian, Equifax and Trans Union by disputing the information online at least 5 times.

8. Shimshon Wexler also disputed the Discover tradeline with Experian by writing a letter certified mail return receipt requested with the letter attached as **Exhibit A** to this Complaint.

9. Experian responded with the letter attached as **Exhibit B** to this Complaint.

10. Experian's response clearly shows that Experian did not read Plaintiff's dispute letter and is extremely disturbing.

11. Shortly thereafter, Discover confirmed the false information on Plaintiff's credit report.

12. Discover's response shows a reprehensible

13. Upon receipt of Plaintiff's dispute, Experian, Equifax and Trans Union forwarded the dispute they received from Plaintiff to AMEX.

14. Experian responded to Plaintiff's letter by confirming the false information and not addressing Plaintiff's dispute.

15. Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

16. Plaintiff also suffered a loss of time dealing with his erroneous credit report.

17. In *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

18. This Court has jurisdiction under §15 USC 1681(p) (FCRA).

19. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

20. Defendant, "Discover" is a banking entity.

21. Defendant, "DFS" is a banking entity.

22. DFS and Discover are both a "furnisher of information" as defined by the FCRA.

23. Experian is a corporation with offices in California.

24. Experian is a "consumer reporting agency" as defined by the FCRA.

25. Plaintiff is a consumer as defined by the FCRA.

26. Plaintiff resides in Dekalb County in Georgia.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST EXPERIAN

27. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

28. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

**(A) In general.** If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

**(B) Extension of period to reinvestigate.** Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

**(C) Limitations on extension of period to reinvestigate.** Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the

consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

29. Experian willfully or negligently violated 1681i.

30. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Experian is required to follow reasonable procedures to assure maximum possible accuracy when it issues a credit report. Section 1681e provides:

§ 1681e. Compliance procedures

(b) Accuracy of report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

**accuracy of the information concerning the individual about whom the report relates.**

31. Experian violated section 1681e of the FCRA willfully and/or negligently.

32. Experian willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute, (b) failed to send DFS and/or Discover the various letters that Plaintiff sent and (c) failed to correct plaintiff's credit report.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Experian for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II – FCRA CLAIM AGAINST DISCOVER AND DFS

33. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

34. Discover and/or DFS violated the Fair Credit Reporting

Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Experian, Trans Union and Equifax contacted Discover and/or DFS in response to plaintiff disputing the credit report and in providing false information as a result.

35. Discover and/or DFS repeatedly reported and verified That plaintiff's account had a total balance above $15,000.00 and was not settled in full.

36. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the**

**information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete**

**actions required by that section regarding that information.**

37. Discover and/or DFS failed to carry out its duties under 1681s-2(b).

38. Discover and/or DFS committed such violations willfully or negligently.

39. Plaintiff is entitled to damages pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Discover and DFS for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

Dated: Atlanta, GA
July 29th 2014

_____

Shimshon Wexler, *Pro Se*
1003 Briarvista Way
Atlanta, GA 30329
212-760-2400
917-512-6132 (fax)
shimshonwexler@yahoo.com

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Shimshon Wexler