UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHIMSHON WEXLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:14-CV-2450 |
| ) | |
| DFS SERVICES, LLC, ) | |
| DISCOVER FINANCIAL ) | |
| SERVICES, INC. and EXPERIAN ) | |
| INFORMATION SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendants. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

**INTRODUCTION AND BACKGROUND FACTUAL INFORMATION**

1. In response to Paragraph 1 of the Complaint, without conceding whether Plaintiff states any viable claim for relief, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff

for any alleged damages. As to the allegations in Paragraph 1 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 1 of the Complaint.

2.　In response to Paragraph 2 of the Complaint, Experian states that the legal conclusions contained therein are not factual allegations for which Fed. R. Civ. P. 8 requires a denial or admission. To the extent a response is deemed required, Experian denies, generally and specifically, the allegations contained in Paragraph 2.

3.　In response to Paragraph 3, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.　In response to Paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Furthermore, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

13. In response to Paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 15 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of United States Supreme Court case law. Experian affirmatively states that the Supreme Court's *Safeco Insurance Co. of America. v. Burr*, 127 S. Ct. 2201 (2007), decision speaks for itself and, on that basis, denies any allegations of Paragraph 17 inconsistent therewith.

## JURISDICTION AND VENUE

18.  In response to Paragraph 18 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the federal Fair Credit Reporting Act, 15 U.S.C. § 1681p.  Experian states that this is a legal conclusion which is not subject to denial or admission.

19.  In response to Paragraph 19 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper in the United States District Court for the Northern District of Georgia.  Experian states that this is a legal conclusion which is not subject to denial or admission.  As to the allegations in Paragraph 19 relating to " a substantial part of the events giving rise to this lawsuit occurred within this district," Experian denies that it has violated the federal Fair Credit Reporting Act and denies that it is liable to Plaintiff for any alleged damages.  Experian further denies, generally and specifically, each and every remaining allegation contained in Paragraph 19 that relates to Experian.

## PARTIES

20.  In response to Paragraph 20, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, and on that basis, denies generally and specifically, each and every allegation contained therein.

21. In response to Paragraph 21, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, and on that basis, denies generally and specifically, each and every allegation contained therein.

22. In response to Paragraph 22, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, and on that basis, denies generally and specifically, each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.

24. In response to Paragraph 24 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).

25. In response to Paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## VIOLATIONS ALLEGED
## COUNT I – FCRA CLAIM AGAINST EXPERIAN

27. In response to Paragraph 27 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 27 of the above as if fully set forth herein.

28. In response to Paragraph 28 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Paragraph 28 inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 28 of the Complaint.

29. In response to Paragraph 29, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Paragraph 30 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein. Further, Experian denies that Plaintiff is entitled to any damages or other forms of relief as set forth in the sentence beginning with "WHEREFORE" following Paragraph 32, or any of its subparts 1-3.

## COUNT II-FCRA CLAIM AGAINST DISCOVER AND DFS

33. In response to Paragraph 33, Experian incorporates by reference its responses to paragraphs 1 through 32 above as if fully set forth herein.

34. In response to Paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. In response to Paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to Paragraph 36, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of Paragraph 36 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to Paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to Paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 39 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint. Further, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs 33 through 39 of the Complaint and, on that basis, denies that Plaintiff is entitled to any damages or other forms of relief as set forth in the sentence beginning with "WHEREFORE" following Paragraph 39, or any of its subparts 1-3.

## **JURY DEMAND**

Experian admits that Plaintiff has requested a trial by jury. Experian states that this is a legal conclusion which is not subject to denial or admission.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## NINTH AFFIRMATIVE DEFENSE

Experian alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein is barred by laches.

## **ELEVENTH AFFIRMATIVE DEFENSE**

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: August 21, 2014                    Respectfully submitted,


                                          s/ Natalie A. Williams
                                          Natalie A. Williams
                                          Georgia Bar No.: 622660
                                          JONES DAY
                                          1420 Peachtree Street, N.E.
                                          Suite 800
                                          Atlanta, GA  30309
                                          Tel: (404) 581-3939
                                          Fax: (404) 581-8330
                                          nwilliams@jonesday.com

                                          *Attorney for Defendant*
                                          *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the persons listed below via mail by the United States Postal Service.

    Shimshon Wexler
    1003 Briarvista Way
    Atlanta, GA 30329

    *Plaintiff*

 

s/Natalie A. Williams

*Attorney for Defendant
Experian Information
Solutions, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

s/Natalie A. Williams

*Attorney for Defendant*
*Experian Information Solutions, Inc.*
